UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS WALKER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BRIAN CATES, Warden,<br><br>　　　　Respondent. | Case No.: 1:21-cv-01412-JLT-BAK (SAB) (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR STAY AND TO DISMISS GROUNDS ONE, THREE, AND FOUR FOR FAILURE TO EXHAUST<br><br>(Doc. 7)<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 23, 2021, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1.) On October 18, 2021, Petitioner filed a motion for a stay and abeyance of the proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (Doc. 7.) The Court directed Respondent to respond to the motion for stay and abeyance. (Doc. 9.) On November 29, 2021, Respondent filed an opposition to Petitioner's motion for a Rhines stay. (Doc. 11.) Petitioner did not file a reply. The Court recommends that Petitioner's motion for a stay be DENIED, and the unexhausted grounds be DISMISSED from the petition.

**DISCUSSION**

A.   Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

1

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

Petitioner raises four claims in his petition. Petitioner claims his ineffective assistance of trial and appellate counsel claims have not been exhausted, which have been raised in the federal petition as grounds two and three. (Doc. at 7 at 2.) However, the only ineffective assistance of trial counsel claim raised in the federal petition appears as ground four and did not include a separate claim that appellate counsel provided ineffective assistance. (See Doc. 1 at 5.) Also, Petitioner makes no mention of whether he exhausted his sentencing error claim (ground three). Although a confrontation claim was raised on appeal (the same claim as ground one of the federal petition), that claim was not raised in the petition for review, the only filing in the California Supreme Court. (LD[1] 3-4.) Thus, the federal petition contains only one exhausted claim, the insufficiency of the evidence claim (ground two). Because the other claims have not been presented to the highest state court, they are subject to dismissal. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

B.  Motion for Stay and Abeyance

Petitioner has filed a motion to stay the petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to return to state court to exhaust his claims. Petitioner alleges that ineffective assistance of trial counsel and appellate counsel are the claims Petitioner seeks permission to exhaust in the state courts. (Doc. 7 at 2.)

A district court may, in limited circumstances, stay a petition pending exhaustion of unexhausted claims if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner

---

[1] "LD" refers to the documents lodged by Respondent with the opposition to the motion to stay.

engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (courts have discretion to stay and hold in abeyance fully unexhausted petition under Rhines.). Each of these three conditions must be satisfied because, as the court emphasized, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277.

1. Good Cause

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake, 745 F.3d at 982.

Respondent argues that Petitioner has not provided any good reason for the late emergence of the new unexhausted sentencing error and ineffective assistance of counsel claims (grounds three and four), nor for his failure to present his confrontation claim (ground one) to the California Supreme Court. (Doc. 11 at 3.) Petitioner claims that he did not have the means to retain counsel sooner (Doc. 7 at 2-3), however, there is no indication that Petitioner has retained counsel. Petitioner alleges that good cause exists because he exhausted all his available funds and could not afford private counsel on direct appeal. (Id. at 3.) Respondent also argues that Petitioner proceeding without counsel to file state post-conviction proceedings does not equate to good cause. (Doc. 11 at 4.)

To the extent Petitioner argues that his lack of counsel on collateral review establishes good cause for a stay, his argument is unavailing. The Ninth Circuit in Dixon v. Baker, 847 F.3d 714, 721

(9th Cir. 2017), held that the good cause requirement is established when a federal habeas petitioner is not represented by counsel in state collateral proceedings. However, district courts in this Circuit have found that Dixon is not controlling where, as here, a habeas petitioner did not pursue any collateral relief in state court before filing a federal petition. See, e.g., Avalos v. Sherman, 2018 WL 5304855, at *5 (C.D. Cal. Sept. 10, 2018), report and recommendation adopted, 2018 WL 5304777 (C.D. Cal. Oct. 24, 2018), certificate of appealability denied, 2019 WL 6124902 (9th Cir. July 22, 2019) ("Petitioner's *pro se* status does not save his argument. A petitioner who appeared *pro se* in state habeas proceedings generally has good cause for failure to exhaust because he could not be expected to 'understand the technical requirements of exhaustion.' But Dixon does not apply when a *pro se* petitioner has not filed any state habeas petition.") (internal citation omitted); Sangurima v. Montgomery, 2017 WL 7371168, at *7-8 (C.D. Cal. Dec. 12, 2017), report and recommendation adopted, 2018 WL 740894 (C.D. Cal. Feb. 5, 2018) (good cause for Rhines stay is not shown under Dixon where petitioner had not filed any state habeas petition and moved for a stay only in response to a federal order to show cause); Aleman v. Spearman, 2018 WL 9593853, at *4 (C.D. Cal. Oct. 25, 2018) ("But Dixon does not apply when a pro se petitioner has not filed any state habeas petition."); Torres v. Ducart, 2018 WL 6164326, at *3 (C.D. Cal. June 19, 2018) ("[B]ecause Petitioner did not file any state habeas petitions, Petitioner cannot rely on Dixon to show good cause based on ineffective assistance of counsel or lack of counsel in postconviction proceedings."). Here, Petitioner did not file any state habeas petitions. Accordingly, any claim related to lack of counsel on collateral proceedings fails and should be rejected. Thus, the Court finds Petitioner has not demonstrated good cause as required by Rhines.

        2.        Merit of Claims

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d 714 at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.' " Id. (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir.

2005). Petitioner maintains that his unexhausted claims of ineffective assistance of counsel are not plainly meritless. (Doc. 7 at 3-4.) Respondent does not address the merits of any of the claims.

In his unexhausted ground for ineffective assistance of counsel (ground four), Petitioner alleges that trial counsel deprived Petitioner of his state and federal constitutional rights. (Doc. 1 at 5.) Claims of ineffective assistance of counsel raise constitutional issues related to his Sixth Amendment right to counsel. See Strickland v. Washington, 466 U.S. 668 (1984) (establishing standard for Sixth Amendment right to counsel); see also Dixon, 847 F.3d at 722-723 (claim not plainly meritless where petitioner challenged counsel's failure to raise a state-law objection at trial). Petitioner claims that trial counsel failed to investigate the facts of the case, failed to obtain the services of a private investigator, failed to adequately prepare to impeach witnesses who told varying versions of events, failed to contact exonerating witnesses known to counsel, and failed to file a Pitchess motion. (Doc. 1 at 5.) However, Petitioner fails to elaborate in detail with any factual specificity in support of this ineffective assistance of counsel claim. "Claims composed of vague and conclusory allegations unsupported by specific facts or evidence are not potentially meritorious within the meaning of Rhines." Lesopravsky v. Warden, No. CV 16-7110-JPR, 2018 U.S. Dist. LEXIS 75239 at *21 (C.D. Cal. May 3, 2018); Taylor v. Paramo, No. EDCV 15-1496-JFW (KS), 2016 U.S. Dist. LEXIS 94843, at *20 (C.D. Cal. June 3, 2016) (same); see also Boyette v. Davis, No. 13-cv-04376-WHO, 2016 U.S. Dist. LEXIS 75464 at *8 (N.D. Cal. June 9, 2016) (finding that claims were not plainly meritless under Rhines where claims were not vague, conclusory or frivolous, but were rather supported by evidence and citations to legal authority); Letner v. Davis, No. 1:18-cv-01459, 2020 U.S. Dist. LEXIS 94583 at *11 (E.D. Cal. May 29, 2020) (same); Harris v. Davis, No. 1:16-cv-01572-DAD, 2020 U.S. Dist. LEXIS 118158 at *15 (E.D. Cal. July 2, 2020) (same). Petitioner presents no specific facts or evidence beyond his conclusory allegations that his attorney failed to take certain actions. Accordingly, Petitioner's vague and conclusory allegations are not potentially meritorious grounds for habeas relief.

Petitioner raised two other unexhausted claims in his petition. Petitioner raised a new unexhausted sentencing error claim (ground three), in which he claims that the trial court erred by sentencing Petitioner "to consecutive sentences for all three of the dissuading convictions" in counts four through six in violation of the Due Process Clause. (Doc. 1 at 5.) Petitioner also raised an

unexhausted claim under the confrontation clause (ground one), in which he alleges that his right of confrontation was violated when the trial court improperly admitted statements of Karrie Alvarado and Petitioner that "were made over the speakerphone in the presence of Officer Paley." (Id. at 4.) As stated above, "[c]laims composed of vague and conclusory allegations unsupported by specific facts or evidence are not potentially meritorious within the meaning of Rhines." Lesopravsky, 2018 U.S. Dist. LEXIS 75239 at *21. Petitioner fails to elaborate in detail with any factual specificity in support of these claims. Therefore, due to the absence of any facts and general vagueness of his unexhausted claims, the Court finds that Petitioner has not shown that his claims are not plainly meritless.

### 3. Absence of Dilatory Tactics

Finally, for a district court to grant a stay under Rhines, a petitioner must not have engaged in intentionally dilatory tactics. Petitioner addresses the third prong of the Rhines test by stating that he is fully prepared to pursue relief based on the current petition pending in this Court. (Doc. 7 at 4.) Petitioner asserts that because he is entitled to relief under his claims of ineffective assistance of counsel, the best use of resources would be to stay the current action in this Court pending the disposition of his claims in state court. (Id.)

Petitioner did not appeal the May 24, 2021 resentencing judgment. (LD 5.) Therefore, Petitioner's conviction became final sixty days after he was resentenced when the time for filing a direct appeal expired, on July 23, 2021. The one-year statute of limitations commenced on the following day on July 24, 2021. Absent applicable tolling, the last day to file a federal habeas petition will be on July 23, 2022.

Petitioner fails to show that he did not engage in dilatory tactics. The Court finds no evidence that Petitioner filed any state habeas petitions, which would serve to statutorily toll the statute of limitations. Instead, Petitioner prematurely filed the instant petition on September 23, 2021, with ten months remaining on the AEDPA clock. The filing of a federal petition does not toll the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 172 (2001). Petitioner does not state his reasons for filing his federal petition so swiftly after his conviction became final. Petitioner offers no reasonable excuse for delaying several months without even attempting to file a state court habeas petition, especially given the fact he filed the instant federal petition raising the unexhausted claims.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Petitioner's motion for a stay be DENIED, and grounds one, three, and four be DISMISSED from the petition.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 10, 2022**

UNITED STATES MAGISTRATE JUDGE