1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    DOUGLAS WALKER                          Case No. 1:21-cv-01412 JLT CDB  (HC)

12                    Petitioner,             ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS, DENYING THE
13          v.                                PETITION FOR WRIT OF HABEAS
                                              CORPUS, DIRECTING THE CLERK OF
14    BRIAN CATES, Warden                     COURT TO CLOSE THE CASE, AND
                                              DECLINING TO ISSUE CERTIFICATE OF
15                    Respondent.             APPEALABILITY

16                                            (Doc. 22)

17          Douglas Walker is a state prisoner proceeding pro se with his petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254, asserting "there was insufficient evidence to prove all

19    elements of the offense as charged."[1]  (Doc. 1 at 4.)  The magistrate judge found Petitioner

20    presented only a conclusory argument asserting that "there was insufficient produced to establish

21    that the elements of inflicting a traumatic injury on a spouse, as charged in count one, in violation

22    of the Due Process Clause of the United States Constitution." (Doc. 22 at 12, quoting Doc. 1 at 4

23    [cleaned up].)  Further, the magistrate "the state court's rejection of Petitioner's sufficiency of the

24    evidence claim was not contrary to, or an unreasonable application of, clearly established

25    Supreme Court precedent, nor was it based on an unreasonable determination of the facts."  (*Id.* at

26    13; *see also id.* at 12-13.)  Finally, the magistrate judge found Petitioner did not make a

27    _____

28    [1] Petitioner proceeds only on ground two raised in the petition, because the Court dismissed grounds one, three, and four after finding the grounds were not exhausted. (Doc. 17.)

                                              1

1    substantial showing of the denial of a constitutional right.  (*Id.* at 14.)  The magistrate judge

2    recommended the Court deny the petition and deny a certificate of appealability.  (*Id.*)

3         Petitioner filed timely objections to the Findings and Recommendations.  (Doc. 23.)

4    Petitioner asserts, "As jurists of reason could find debatable the magistrate judge's findings

5    regarding the claims presented, this Court should reject the recommendations and order the relief

6    prayed for be granted."  (*Id.* at 1.)  Petitioner contends the Court should issue a certificate of

7    appealability, citing *Miller-El v. Cockrell*, 527 U.S. 322 (2003).  (*Id.* at 2-3.)  However, Petitioner

8    does not object to—or even acknowledge—the specific findings of the magistrate judge related to

9    the merits of the claim or the sufficiency of the evidence.  (*See generally* Doc. 23 at 1-3.)

10        According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

11   Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

12   are supported by the record and proper analysis.  In addition, the Court agrees with the finding of

13   the magistrate judge that a certificate of appealability should not be issued.

14        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

15   district court's denial of his petition, and an appeal is only allowed in certain circumstances.

16   *Miller-El*, 537 U.S. at 335–36; 28 U.S.C. § 2253.  If the Court denies a petition on the merits, it

17   may only issue a certificate of appealability when a petitioner makes a substantial showing of the

18   denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing,

19   Petitioner must establish "reasonable jurists could debate whether (or, for that matter, agree that)

20   the petition should have been resolved in a different manner or that the issues presented were

21   'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484

22   (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Reasonable jurists would not find

23   the Court's determinations— that Petitioner's claim regarding insufficiency of the evidence

24   lacked merit and the petition should be denied—were debateable or wrong, or that Petitioner

25   should be allowed to proceed further.  Thus, the Court **ORDERS**:

26        1.    The Findings and Recommendations issued on March 13, 2025 (Doc. 22) are

27              **ADOPTED** in full.

28        2.    The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

1          3.       The Clerk of Court is directed to close the case.

2          4.       The Court declines to issue a certificate of appealability.

3

   IT IS SO ORDERED.
4

5     Dated:   **April 8, 2025**                    _Jennifer L. Thurston_
                                                    UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28